HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNCHAN COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GERBINGS HEATED CLOTHING, INC.,<br><br>　　　　　Defendant. | CASE NO. C12-5495 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Hunchan Company's motion for summary judgment (Dkt. #31). Hunchan filed this lawsuit to obtain payment for clothing that it manufactured for the Defendant, Gerbing's Heated Clothing, Inc. Because Hunchan has satisfied its initial burden for summary judgment, and because Gerbing's has failed to show that there are genuine issues of material fact or that Hunchan is not entitled to judgment as a matter of law, Hunchan's motion for summary judgment is **GRANTED**.

## I.　Background

Gerbing's sells electrically heated clothing that it designs primarily for the motorcycle market. Hunchan is a foreign corporation that manufactures clothing in China. Hunchan started manufacturing Gerbing's clothing in 2002. Upon receiving an order, Hunchan would

manufacture the clothing according to Gerbing's specifications.  When Hunchan delivered the finished product, it would give Gerbing's an invoice that had to be paid within 30 days.

Gerbing's and Hunchan continued their business relationship in this manner without issue through 2010.   At the beginning of 2011, however, Gerbing's fell behind on its payments.  By November of 2011, Gerbing's delinquent payments for delivered goods had reached approximately $540,000.  The parties attempted to work out a payment plan, but that plan ultimately failed after only a few payments.  When Hunchan filed this lawsuit, Gerbing's had not paid for $412,013.49[1] worth of clothing that Hunchan had manufactured and either delivered or tendered for delivery.

Hunchan initiated this lawsuit in Florida state court.  Gerbing's removed the action to the Middle District of Florida District Court, which then transferred the case to this Court. Gerbing's was represented by counsel when Hunchan filed this motion for summary judgment. But before Gerbing's deadline to respond to Hunchan's motion had expired, Gerbing's counsel filed a motion to withdraw.  Apparently, Gerbing's management told its lawyers that it would not pay for any additional legal work to be done on this case, including responding to Hunchan's pending summary judgment motion.  The Court allowed Gerbing's attorneys to withdraw and, out of an abundance of caution, gave Gerbing's 60 days to find substitute counsel and to respond to Hunchan's motion.  Gerbing's predictably failed to do so.  Hunchan's motion for summary judgment is now ripe for consideration.

---

[1] The unpaid invoices totaled $470,686.08, but Gerbing's is entitled to an offset of $58,672.49 for orders that required repairs.

## II. Discussion

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

Hunchan has presented sufficient evidence to satisfy its initial summary judgment burden. Hunchan's president submitted sworn testimony and copies of the invoices that establish Gerbing's debt for unpaid orders. Gerbing's did not present evidence of its own or otherwise rebut Hunchan's evidence. Because Gerbing's has failed to show that there is a genuine issue of material fact, and because Hunchan's evidence establishes its right to judgment as a matter of law, Hunchan's motion for summary judgment is **GRANTED**.

## III. Conclusion

Hunchan's motion for summary judgment (Dkt. #31) is **GRANTED**. Judgment shall be entered in Hunchan's favor in the principal amount of $412,013.59, plus interest in the amount of $121,663.36 as of March 17, 2014, for a total judgment of $533,676.95. Interest shall continue to accrue on the principal judgment amount at a rate of 12% per annum until paid.

Dated this 17th day of March, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE